## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 02-1426-WEB** |
| | ) | |
| **$49,000 IN UNITED STATES CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————————— | ) | |
| | ) | |
| **TIMOTHY L. HEFFERNAN,** | ) | |
| | ) | |
| **CLAIMANT.** | ) | |
| ———————————————————— | ) | |

### MEMORANDUM AND ORDER

This matter is before the court on claimant's objection to producing his income tax returns. As set forth below, claimant's objection is overruled and the tax returns shall be produced.

### Background

On September 28, 2004, the court granted plaintiff's uncontested motion to compel Heffernan to respond to interrogatories and production requests. (Doc. 60). Heffernan failed to respond by October 15, 2004, as ordered by the court and plaintiff moved to strike his claim as a discovery sanction. Heffernan opposed the motion to strike and argued that, with the exception of his tax returns, he had since provided responses to the written discovery requests.

The court conducted a conference on November 19, 2004 and, after considering the arguments of counsel, denied plaintiff's motion to strike.   (Doc. 68).   Because Heffernan's objection to producing his tax returns had not been briefed, the court granted the parties an opportunity to submit supplemental briefs.   The parties' supplemental arguments concerning the production of Heffernan's tax returns are discussed in greater detail below.

**Analysis**

Heffernan argues: (1) he has a right to privacy in his tax returns, and (2) the tax returns are privileged.   In support of his privacy/privilege argument, Heffernan cites selected portions of the Tax Return Privacy Act (the "Act").   See, 26 U.S.C. § 6103(a).   However, Heffernan's reliance on the Act to support his privilege claim is misguided because the statute *limits government employees* from disclosing tax return information.   Here, plaintiff is providing the information in a civil case to which he is a party.   See, e.g., St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19 (1961)(tax returns are made confidential *within* the government bureau under 26 U.S.C.§ 6103; however, "copies in the hands of the taxpayer are held subject to discovery").

Heffernan also cites Webb v. Standard Oil Co., 49 Cal. 2d 509 (1957) as support for an "implied privilege" against forced disclosure.   However, claimant's reliance on Webb is unpersuasive because the California Supreme Court relied on provisions in the *California tax code* that preclude discovery of federal and state tax returns in certain situations.   More significantly, four years after Webb, the U.S. Supreme Court held that "copies [of tax returns]

in the hands of the taxpayer" are subject to discovery.  <u>St. Regis Paper</u>, 368 U.S. at 218-219.

Although tax returns are not protected from disclosure by a "privilege," courts are cautious in ordering their disclosure because of the confidential nature of information contained therein.  <u>United States v. Bonanno Organized Crime Family</u>, 119 F.R.D. 625, 627 (E.D.N.Y. 1988).  The standard for discovery of tax returns was succinctly set forth by Judge Rushfelt in <u>Hilt v. SFC Inc.</u>, 170 F.R.D. 182, 189 (D. Kan. 1997):

> The courts have developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.  First, the court must find that the returns are relevant to the subject matter of the action.  Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.  The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.

<u>Id.</u> (citations omitted).

The court is satisfied that Heffernan's tax returns are relevant to the issues in this case.  As the government points out, Heffernan filed a claim and answer to the complaint stating that he was an innocent owner of the currency.  At a minimum, Heffernan's tax returns are relevant because they may indicate whether Heffernan had sufficient, legal income to have $49,000 in cash on the date of the currency's seizure. Because the government has established relevance, the burden shifts to Heffernan.  Heffernan fails to present any evidence that other sources exist from which the information is readily obtainable; thus, the tax returns shall be produced.

**IT IS THEREFORE ORDERED** that Heffernan's objection to producing his tax returns is **OVERRULED.**  Heffernan shall produce his federal, state, and local income tax

returns for the tax years ending 2000, 2001, and 2002 by **January 24, 2005.**[1]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of January 2005.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[1]     The government requests an order requiring Heffernan to admit that he filed no tax returns if, in fact, he filed no returns.  The court declines to enter such an order at this time. Heffernan has asserted a privilege to withhold such documents, implying that the tax returns exist.  Additionally, the government may question Heffernan about the filing of his tax returns during his deposition.