## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 02-1426-WEB** |
| | ) | |
| **$49,000 IN UNITED STATES CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| **TIMOTHY L. HEFFERNAN,** | ) | |
| | ) | |
| **CLAIMANT.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Timothy Heffernan's motion for an extension of time to complete discovery (Doc. 86).   For the reasons set forth below, the motion shall be **DENIED.**

### Background

This is a an action by the United States of America seeking the forfeiture of $49,000

in U.S. currency.[1]   The facts related to this case were set forth in a prior opinion and will be repeated only where necessary for context.   See, Doc. 46, Memorandum and Order (denying claimant's motion to suppress).   Highly summarized, the currency was discovered hidden in the trunk of a rental car after a Kansas Highway Patrol dog alerted to the presence of narcotics in the car.


## Motion for an Extension of Time to Complete Discovery

Heffernan, the claimant, moves for an extension of time to complete discovery.   In support of his motion, Heffernan asserts that plaintiff improperly disrupted an agreed date for the deposition of Trooper Rule.   Because of the seriousness of Heffernan's accusation, the circumstances related to Trooper Rule's deposition are described in detail below.

Counsel for the parties agreed to take the depositions of both Heffernan and Trooper Rule on February 7, 2005.[2]   The February 7 date coincided with a suppression hearing in another case which was also being handled by Heffernan's counsel.   The date was selected to

---

[1]   The United States alleges that the currency is subject to forfeiture in accordance with 21 U.S.C. § 841 because it "constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq."

[2]   Trooper Rule is the officer who stopped Heffernan's vehicle and discovered the currency.   Trooper Rule testified at the November 18, 2003 suppression hearing and was cross-examined by claimant's counsel.

reduce the financial burdens on claimant and his counsel.[3]

Heffernan issued a subpoena duces tecum to Trooper Rule to secure his attendance at the deposition *and also* to gather documents from the Kansas Highway Patrol. Trooper Rule received the subpoena duces tecum on January 29, 2005 and objected to the request for documents. In support of his objection, Trooper Rule submitted an affidavit stating: (1) the date he received the subpoena duces tecum by regular mail, (2) the deposition location was more than 100 miles from his residence and regular place of work, (3) there was no mileage/appearance fee with the subpoena, (4) he was not the custodian of records for the Kansas Highway Patrol and (5) that he had requested legal assistance from the U.S. Attorney's office to quash the subpoena. The United States asserted these arguments on behalf of Trooper Rule in a motion to quash and also argued that documents responsive to item Nos. 1, 2, 3, and 4 had previously been provided to Heffernan and that item Nos. 5, 6, 7, 8 and 9 were irrelevant because of the ruling on the motion to suppress.[4] The motion to quash was unopposed and

---

[3]

David M. Michael, lead counsel for claimant, offices and practices law in San Francisco. Apparently, Heffernan also resides in California. The other case involving Mr. Michael is U.S.A. v. $290,000, Case No. 04-1118-JTM-DWB, also a forfeiture case. In U.S.A. v. $290,000, Mr. Michael also represents the claimant, Yvette Delgadillo. There is no apparent connection between the cases except that Trooper Rule made the traffic stop in both cases and Michael represents the claimants in each case. Mr. Michael entered his appearance in Case No. 04-1118 on June 10, 2004; however, no request has been made for these cases to be jointly managed by the same magistrate judge or consolidated with one trial judge.

[4]

For reasons unexplained, the motion to quash made no specific mention of Item Nos. 10, 11, and 12.

granted.[5]

Heffernan's primary argument is that plaintiff refused to "present Trooper Rule with the requested documents, thereby making a sham out of the deposition of Trooper Rule and violating the terms of the coordination agreement." <u>Motion for Extension</u>, Doc. 86. Heffernan contends that he will be "prejudiced by being forced to miss the scheduled deposition" if the discovery cutoff date is not extended. For the reasons set forth below, Heffernan's argument in support of an extension of time are rejected.

No evidence has been presented that plaintiff agreed to "produce Trooper Rule *with the requested documents.*" To the contrary, the record indicates that plaintiff advised Heffernan of its objection to request Nos. 5-9 on December 20, 2004 when responding to Heffernan's Production Requests. (Doc. 80). Equally important, Heffernan's assertion that there was an agreement that the witness would appear *with the documents* is inconsistent with the issuance

---

[5]

Heffernan stated that he did not oppose the motion to quash based on his understanding that Trooper Rule would not be bringing the requested documents to the deposition. <u>Declaration of Marc Schultz in Response to Plaintiff's Motion to Quash Subpoena Duces Tecum</u>, Doc. 81. Notwithstanding Heffernan's acquiescence to the motion to quash, claimant argued that the subpoena was properly served, the "Government" waived witness fees, and that plaintiff had no standing to move to quash. <u>Id.</u>

Contrary to Heffernan's arguments, the United States does have standing to move to quash because Trooper Rule, the target of the subpoena, specifically requested the government's assistance in quashing the subpoena. Moreover, the manner of service (certified mail to the Kansas Highway Patrol headquarters) was procedurally incorrect and no witness fees were tendered. Most importantly, Trooper Rule is not the custodian of the records requested and Heffernan has not established that the requested documents are relevant to the remaining issues in this forfeiture action (whether the currency is drug money). It appears that claimant's attorney is seeking discovery concerning the legality of the stop and search, matters that were previously resolved in the ruling on Heffernan's motion to suppress.

– 4 –

of the subpoena duces tecum.   If such an agreement existed, it would have been unnecessary to serve a subpoena duces tecum on the Kansas Highway Patrol.   A more reasonable explanation is that Heffernan issued the subpoena *with document request*s in a belated effort to gather documents that had previously been objected to by plaintiff.

Denial of Heffernan's motion for an extension of time may appear harsh when viewed in isolation; however, when viewed in the context of claimant's discovery conduct in this case, the ruling is appropriate.   This case was filed **November 27, 2002** and, following a hearing and ruling on Heffernan's motion to suppress, a scheduling order was entered establishing a discovery completion date of **July 13, 2004.** (Doc. 50, filed January 21, 2004).[6]   The parties moved jointly for an extension of time to **September 10, 2004** to complete discovery because Heffernan's counsel was "out of the country for the next three weeks." (Doc. 55 & 56).   That motion was granted.

On **September 3, 2004**, plaintiff moved to compel Heffernan to (1) answer interrogatories, (2) respond to production requests, and (3) appear for a deposition.   In addition to failing to respond to written discovery, plaintiff alleged that repeated requests for a deposition date for Heffernan in June, August and September had been ignored by claimant. Heffernan filed no response to the motion to compel and the court ordered Heffernan to answer the interrogatories and production requests by **October 15, 2004** and submit to deposition questions on **October 26, 2004.** (Doc. 60).   Plaintiff's motion for an extension of

---

[6]

By agreement of the parties, discovery in the case was stayed pending a ruling on the motion to suppress.

the discovery completion date was extended to **November 12, 2004.** (Doc. 61).

Heffernan *failed to answer plaintiff's written discovery requests as ordered by the court* and the government then moved to strike Heffernan's claim. (Doc. 62, filed October 18, 2004). On **November 1, 2004,** Heffernan opposed the motion to strike, arguing "claimant has now complied with the court's previous order, provided the discovery requested, and has filed the appropriate notices with the court regarding that compliance." (Doc. 66).[7] Although the motion to strike was denied, the court expressly reserved the right to "review this incident" should additional discovery problems occur. (Doc. 68).

In partial response to plaintiff's written discovery requests, Heffernan asserted a privilege/privacy right to his tax returns. The court rejected Heffernan's claim of privilege/privacy and ordered him to produce his federal, state, and local income tax returns for the years ending 2000, 2001, and 2002 by **January 24, 2005.** *Heffernan failed to comply with the Court's order of production* and the government again moved to strike Heffernan's claim. (Doc. 82). Heffernan responded to the motion, arguing for the first time that he has no tax returns *in his possession* to produce. (Doc. 84).[8]

On January 7, 2005, following the receipt of suggestions from counsel, the court

-------------------

[7]

The responses to written discovery were served on November 1, 2004, the same day Heffernan responded to the motion to strike. (Doc. 64 & 65).

[8]

Judge Brown recently denied the motion to strike as premature. (Doc. 89, filed March 1, 2005). Heffernan's (1) failure to comply with this court's order, (2) new legal arguments and (3) assertion of a privilege for documents which he now contends he does not possess will be addressed when and if plaintiff files a motion concerning these issues.

entered a revised scheduling order establishing a **February 28, 2005** deadline for the completion of discovery. All totaled, Heffernan was granted more than a year to conduct discovery that apparently is limited to the production of documents and the deposition of one fact witness (a law enforcement officer who testified and was cross-examined by counsel during a suppression hearing *in this case*). The discovery history in this case reveals that Heffernan has been granted ample opportunity to conduct discovery and any failure to complete discovery in a timely manner is attributable to claimant and his counsel.

        **IT IS THEREFORE ORDERED** that Heffernan's motion for an extension of time to complete discovery **(Doc. 86)** is **DENIED.**[9]

        **IT IS SO ORDERED.**

        Dated at Wichita, Kansas this 7th day of March 2005.

                                        S/Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge

---

[9]

        On February 18, 2005, the United States noticed Heffernan for a deposition on February 28, 2005. Heffernan failed to appear and the United States moves to compel. (Doc. 90). The government's motion will be addressed when briefing related to that matter is complete.