# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-1426-WEB |
| ) | |
| **$49,000 IN UNITED STATES CURRENCY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| **TIMOTHY L. HEFFERNAN,** ) | |
| ) | |
| Claimant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This forfeiture action is before the court on the plaintiff's motions to compel Heffernan's deposition (Doc. 90) and production of his income tax returns (Doc. 92). For the reasons set forth below, the motions shall be **GRANTED.**[1]

### I. Heffernan's Deposition

On February 18, 2005, the United States noticed claimant Heffernan for deposition on Monday, February 28, 2005 in Wichita, Kansas. Heffernan failed to appear and the United

---

[1] The background and nature of this forfeiture action have been described in prior opinions and will not be repeated. See, Order, Doc. 100.

States moves to compel his deposition. In response to the motion, Heffernan "does not dispute the right of the government to take claimant's deposition." Claimant's Response, Doc. 94, p. 2. However, Heffernan argues that it would be unfair to allow his deposition to be taken without also allowing him the opportunity to take the deposition of Trooper Rule, the officer who stopped Heffernan's car for a traffic violation and subsequently discovered the $49,000 hidden in the car's trunk.[2]

Heffernan's arguments concerning Trooper Rule's depositions are unpersuasive and rejected. Claimant previously moved for an extension of the discovery deadline in order to take Trooper Rule's deposition. That motion was denied. Memorandum and Order, filed March 7, 2005, Doc. 91. Claimant appealed that order. After setting forth the lengthy history of discovery and prior extensions of time in this case, Judge Wesley E. Brown rejected claimant's appeal and affirmed the March 7 ruling. Order, filed April 5, 2005, Doc. 100. Heffernan's response to the motion to compel amounts to a rehash of prior arguments concerning Trooper Rule's deposition and is rejected.

Because Heffernan concedes the plaintiff's right to take his deposition and offers no legal excuse for failing to appear, the motion to compel shall be GRANTED.

---

[2] Implicit in claimant's argument is the suggestion that he has never had the opportunity to question Trooper Rule under oath about the circumstances surrounding the traffic stop and discovery of the money. However, claimant's counsel cross-examined Trooper Rule during the suppression hearing earlier in this case and had the opportunity to evaluate the officer's demeanor and credibility.

**IT IS THEREFORE ORDERED** that the United States' motion to compel Heffernan's deposition **(Doc. 90)** is **GRANTED**. The parties shall confer concerning a mutually agreeable time, but in any event Heffernan's deposition shall be taken in Wichita, Kansas no later than **May 15, 2005.** Failure to comply with this order and answer deposition questions may result in the imposition of sanctions, including the dismissal of Heffernan's claim.

## II. Tax Returns

The court rejected claimant's assertion of a privilege/right to privacy concerning his income tax returns and ordered Heffernan to produce his returns for tax years ending 2000, 2001 and 2002 by January 24, 2005. <u>Memorandum and Order</u>, filed January 10, 2005.[3] Heffernan thereafter failed to comply with the Order and the United States moves to compel production. Heffernan now contends that he does not "have possession, custody or control of any federal, state, local or foreign income tax returns for the tax years ending 2000, 2001, and 2002." The United States counters that even if Heffernan does not have "physical" possession of the tax returns, he does have legal "control" over the tax returns because he can secure the

---

[3] The tax returns were the subject of prior orders. On September 28, 2004, the court granted the United States' uncontested motion to compel responses to written discovery. (Doc. 60). When Heffernan failed to respond by the October 15 deadline imposed by the court, the United States moved to strike his claim. (Doc. 62). On November 1, Heffernan finally responded to the discovery requests and also opposed the motion to strike. Because Heffernan objected to production of his tax returns but did not brief the issue, the court allowed him an opportunity to present his legal arguments concerning his assertion that income tax returns are privileged from discovery. After considering the parties' written arguments, the court rejected Heffernan's claim of privilege and, on January 10, 2005, ordered production of the tax returns.

documents upon written demand from the Internal Revenue Service. For the reasons set forth below, the court will order Heffernan to execute the IRS forms necessary to secure his income tax returns.

Fed. Rule Civ. P. 34(a) imposes a duty on parties to produce requested documents within their possession, custody, or control when responding to a request for production. "The federal courts have universally held that documents are deemed to be within the possession, custody, or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or has the legal right to obtain the documents on demand.*" National Union Fire Ins. Co. v. Midland Bancor, Inc., 159 F.R.D. 562, 566 (D. Kan. 1994)(quoting RTC v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992). Here, claimant has the legal right to demand and obtain copies of his income tax returns under established IRS procedures. 26 U.S.C. § 6103; IRS Form 4506-T and instructions (request for transcript of tax return). Equally important, an order directing a party to execute a form for the release of records held by a federal agency has been expressly approved by the Tenth Circuit. Rodriguez v. IBP, Inc., 243 F. 3d 1221 (10th Cir. 2001)(order directing party to sign a release for the production of Social Security records falls within district court's sound discretion concerning discovery; failure to comply may result in finding of contempt and

imposition of sanctions).[4]   Under the circumstances, the court orders Heffernan to sign the appropriate forms to secure copies of his tax records.

**IT IS THEREFORE ORDERED** that the motion to compel tax returns **(Doc. 92)** is **GRANTED.**  Heffernan shall execute the appropriate forms to secure copies of his tax returns and provide plaintiff with the signed forms by **April 25, 2005.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of April 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4]   Heffernan's citations to cases holding that there is no authority for requiring a party to execute a release for medical records are inapposite.  There was no proof in those cases that the parties asked to sign the releases were entitled to their medical records on demand.  In this case, there is evidence that the IRS has established a procedure for securing documents on demand.